**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
_____ X

Sharon Wilkinson                                                              Docket No. 11-1953

**Plaintiff**

-against-

Paul J. Hooten & Associates,                                          AMENDED COMPLAINT AND
PLLC and Michelle Parada          **Defendant**                DEMAND FOR JURY TRIAL
_____ X

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

Plaintiff, by her attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Plaintiff is a twenty year old single mother living on Long Island. The plaintiff is suing the defendant debt collectors because the defendants harassed and abused the plaintiff in an attempt to collect a $352.00 medical bill. Among other illegal actions, the defendants' actions include informing plaintiff that plaintiff was not a good mother; accusing the plaintiff's mother of fraudulent activities; stating to the plaintiff that plaintiff "must be living in a dark place"; stating to the plaintiff: "you people don't pay your bills"; refusing to tell the plaintiff her name; and informing plaintiff that defendant Parada is a "manager" and will "rip up" any complaint that plaintiff lodges.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices; as well as for violations of common law.

      3.  Defendants actions as alleged herein constitute crimes against the Plaintiff.

      4.  According to 15 U.S.C. 1692:

(a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367.  Injunctive relief is available pursuant to New York state law.  Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III. PARTIES

6. Plaintiff, Sharon Wilkinson is a natural person residing in Suffolk County, New York.  Plaintiff is a consumer as defined by the FDCPA.

7. Defendant Paul J. Hooten & Associates, PLLC is debt collection company engaged in the business of collecting debts in this state. The principal purpose of defendant is the collection of debts using the mails and telephone, and defendant regularly attempts to collect debts alleged to be due another.

8. Defendant Michelle Parada is a natural person who on information and belief was employed by Paul J. Hooten & Associates, PLLC at all times relevant to this complaint.

9. Defendants are all "debt collectors" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

10. The Plaintiff alleges that at all times herein mentioned, each of the defendants were, and is now, the agent, servant, employee and/or other representative of the other defendants, and in doing the things herein alleged, was acting in the scope, purpose and authority of such agency, service employment, and/or other representative capacity with the permission, knowledge consent and/or ratification of the other defendants. Paul J. Hooten & Associates, PLLC is responsible and liable for the acts of its employee Jane Doe.  Any reference hereinafter to "Defendant," or "Defendants," or "Debt collector," without further qualification is meant to refer to each and all defendants herein jointly and severally.

## IV.  FACTUAL ALLEGATIONS

11. Plaintiff repeats paragraphs "1" through "10" as if fully restated herein.

12. The defendants allege that the Plaintiff owes a consumer debt (the debt) to a company called L.I. Anesthesiologist, PLLC ("the debt" or "the alleged debt") The alleged

debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services. The alleged debt was alleged to be incurred in connection with emergency surgery that plaintiff needed to be performed when she was in high school in 2009. Plaintiff did not have health insurance at the time but was covered under her mother's medical insurance. The insurance company paid $1,408.00 of the medical bill, but the defendant asserts that $352.00 of the bill remains unpaid.

13. At some point unknown to Plaintiff, defendants allege to have acquired the legal right to collect the alleged debt. Plaintiff has had no business relationship with defendants and is not aware of any documents establishing defendants' alleged right to attempt to collect the alleged debt.

14. In or around November 2011, the defendant law firm sued the Plaintiff. The defendant acquired a default judgment against the plaintiff for $631.00. The defendant than used the default judgment to freeze the plaintiff's bank account.

15. Upon learning of the restraint placed upon her bank account, on or about March 31, 2011, the plaintiff telephoned the defendant's office and spoke to defendant Parada. Plaintiff explained the circumstances involving the alleged debt. Plaintiff explained that she was a young mother with a young child and needed her bank account released so that she could live and eat. Plaintiff explained that she did not believe that she was responsible for the alleged debt as plaintiff's mother's health insurance should have paid the medical claim.

16. Defendant Parada responded by falsely accusing Plaintiff's mother of receiving and cashing the insurance check.

17. Defendant Parada stated that plaintiff "must be living in a dark place."

18. Defendant Parada stated: "you people don't pay your bills."

19. Defendant Parada stated to the plaintiff that she was not a good mother. Defendant stated that she had children of her own and that she pays her bills.

20. The plaintiff asked to know Parada's real name, but defendant Parada refused to tell plaintiff.  Defendant Parada would only state that she was a "manager." Plaintiff insisted to speak to whoever supervised Parada, but Parada stated that the only person who is superior to her is the attorney and wished the plaintiff "good luck" in getting to speak to him.

21. Plaintiff indicated to Parada that plaintiff wanted to lodge a complaint for the way that defendant Parada was acting. Parada informed plaintiff that any complaint that plaintiff wishes to make will be reviewed only by her. Parada then informed Plaintiff that she intends to "rip up" any complaint that plaintiff makes.

## V.  CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

22.  Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

23.  Defendant's actions as described herein violated the following provisions of the FDCPA:

a. 15 U.S.C Section 1692e

b. 15 U.S.C Section 1692e(2)

c. 15 U.S.C Section 1692e(5)

      d. 15 U.S.C Section 1692e(7)

      e. 15 U.S.C Section 1692e(10)

      f. 15 U.S.C Section 1692e(11)

      g. 15 U.S.C Section 1692d

      h.  15 U.S.C Section 1692d(2)

      i. 15 U.S.C Section 1692d(6)

      j. 15 U.S.C Section 1692f; and

      k. 15 U.S.C Section 1692f(1)

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants, for the following:

      A. Actual damages;

      B. Statutory damages;

      C. Costs and reasonable attorney's fees;

      D. For such other and further relief as the Court may deem just and proper.

                              Respectfully submitted,

                              Joseph Mauro (JM: 8295)
                              The Law Office of Joseph Mauro, LLC
                              306 McCall Ave.
                              West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

S/<u>JOSEPH MAURO</u>
Joseph Mauro